IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 13-CV-00294-C |
| | § | |
| ALL FUNDS ON DEPOSIT AT | § | |
| OLD MUTUAL OF BERMUDA, LTD. | § | |
| CONTRACT NUMBER CX4011696 | § | |
| IN BERMUDA | § | |
| | § | |
| Defendant. | § | |

## CLAIMANTS' OBJECTIONS TO THE MEMORANDUM AND RECOMMENDATION OF THE COURT DATED MARCH 6, 2014 AND REURGING MOTION TO STAY

**TO THE HONORABLE MAGISTRATE JUDGE:**

COME NOW, CLAIMANTS, Jorge Lopez Torres and Maria Llaguno Torres, and file this their legal and factual objections to the Court's Memorandum and Recommendations of May 6, 2014 (D.E. 24) and Reurge the Claimants' Motion to Stay.

### I.       STATEMENT AND STAGE OF PROCEEDINGS

1.       On September 24, 2013, the government filed a civil forfeiture action (D.E. 1) and seized the above styled bank account belonging to the Claimants.  Claimants timely submitted their sworn claims to the money in the bank account (D.E. 4) and filed a Motion to Dismiss the forfeiture action pursuant to FRCP (12)(b)(6) (D.E. 7).  The 12(b)(6) Motion is still pending.

2.       On November 20, 2013, the government returned a sealed indictment against Claimant, Jorge Lopez Torres, naming a co-defendant, Hector Javier Villarreal.  (D.E. 1).

3.       On November 27, 2013, the government unsealed the indictment.

1

4.     The government filed a Motion to Disqualify J.A. Canales as attorney for Jorge Juan Torres.  (D.E.18).  The Motion To Disqualify is pending.

5.     On January 22, 2014, the government filed a Fugitive Disentitlement Action (D.E. 19) against Claimant Jorge Torres.  Claimants responded asking the court to deny the government's request for disentitlement and to stay the civil forfeiture proceedings pending resolution of the criminal matters alleged.  (D.E. 20)

6.     In Response to the government's request for disentitlement and Claimants' motion to stay, the Court issued its Memorandum and Recommendations on March 6, 2014.  The Court allowed 14 days from the issuance of the Memorandum for parties to file factual and legal objections to the Memorandum and Recommendations.  The following is submitted in response to the Court's notice of deadline to file objections.

## II.     <u>OBJECTIONS TO FACTUAL FINDINGS OF THE MEMORANDUM</u>

7.     Claimants object to the factual assertions in the Memorandum made in reference to the meeting between Mr. Torres and bankers from JP Morgan Chase in 2007 as unsupported by any credible evidence.  First, The Memorandum states as fact that, "During the meeting, Torres asked one of the bankers if wire transfers could be deleted from the system so no transfer would be seen going from Mexico to Bermuda through the United States."  There are no documents or affidavits or notes of interviews attached to the government's pleadings that support this as a factual statement.  Even if such a request were made by Mr. Torres, no inference can be drawn from that request for privacy.  It is undisputed that Mr. Torres did not want these banking transactions and bank statements sent to him in Mexico or by mail to him. The desire to keep this transaction private does not in any way establish that the origin of the proceeds is illegal simply because Mr. Torres does not want others to be aware of his private

banking transactions. The request for privacy is as indicative of innocent behavior as it is of culpable behavior.

8.      Second,   with respect to this same meeting, the Memorandum states as fact that "Torres also told the bankers **several different stories** *(emphasis added)* regarding the source of his income and the funds that were to be placed in the accounts."  Mr. Torres did not tell several different " stories" about the source of the funds; he merely listed several **sources** from which the funds were derived—each source being a legal one, i.e., his business as a CPA, ownership of an interest in Cemex, etc.   At issue in any forfeiture action involving money is the determination of whether or not the funds are the proceeds of specified illegal activity.  The Memorandum's rendition, as fact, that Mr. Torres was making inconsistent statements to the bankers regarding the source of the funds is not an accurate statement of the facts even as derived from the government's rendition. Claimant objects to the mischaracterization of this 2007 conversation with the bankers regarding the source of the funds as it is unsupported by the evidence before the court.  Mr. Torres was not telling "different stories" rather Mr. Torres told the bank the funds were derived from a variety of sources.

9.      The Claimant objects to the reference to Mr. Villarreal's matters pending in the Western District as having some nexus between those matters and the issues before this Court with regard to Mr. Torres.  The Memorandum states that Hector Javier Villarreal was arrested in February 2014 on an indictment out of the Western District of Texas and is in custody in San Antonio.  There is no mention of Mr. Torres in relation to the Western District indictment nor to any facts contained in that indictment in the Western District related to Mr. Torres. This aside is not germane to any determination of this Court regarding the civil forfeiture action in the Southern District.   In addition, the Memorandum fails to state that the separate forfeiture actions

filed by the government in the Southern District of Texas against Mr. Villarreal's assets has been stayed pending resolution of the criminal matters filed in the Southern District. (Grant of Motion to Stay in *United States v. All Funds on Deposit at Sun Secured Advantage Account Number 26-2673-031320 Held at The Bank of N.T. Butterfield and Son Limited in Bermuda, Cause No. 2:13-cv-00033* in the Southern District of Texas, Corpus Christi Division [D.E. 28]. This is a significant fact that should be included in the Memorandum.

10.     The Claimant objects to the lack of factual basis to support the prosecution of this forfeiture.  The Memorandum states " that the government alleges that the defendant property was involved in a money laundering transaction or attempted money laundering transaction or was derived from unlawful activity, an unlicensed money transmitting business, bribery of a public official,......".  The Memorandum merely quotes from the indictment charging Torres and Villarreal with violations of the law—it recites no facts to support probable cause to believe that Mr. Torres committed any illegal act or that the money that was seized is the proceeds of any illegal activity.  The reason the Memorandum has no such facts is because the government has provided no facts to support any offense or any element of the offenses it has alleged.  Once the government has seized the property, and a proper claim has been made, the burden of proof is on the government to establish that the property is subject to forfeiture. *18 U.S.C. sec. 983©(1).*

### III.   <u>MOTION TO STAY</u>

11.     The Civil Forfeiture Reform Act of 2000 as amended in 2006, at 18 U.S.C. 983 Section 2,  establishes the general procedures and deadlines to be followed and provides remedies for the claimant if the government fails to follow the rules. Also, pursuant to **18 U.S.C. 981(g)(2),** if a motion for stay is made by claimant, a stay will be granted " if the Court determines that (A) the Claimant is the subject of a related criminal investigation or case, (B) the

Claimant has standing to assert a claim in the civil forfeiture proceeding, and (C) the continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.  Each of these conditions has been met by Claimant Torres.

12.     Mr. Torres is the subject of a related criminal investigation and case; he has standing to assert a claim in the civil forfeiture proceeding; and, the continuation of the forfeiture proceeding will burden the right of the Claimant against self-incrimination in the on-going criminal case. It is clear from the content (or lack thereof) of the civil forfeiture complaint and the lack of specificity of the indictment brought against Mr. Torres in the Southern District, that the government has insufficient facts to support either the forfeiture action or its indictment.  The government wants to use the civil forfeiture proceeding to investigate its case—a case for which there is not now nor was there at the time of the seizure, probable cause to support this governmental action.

13.     As noted above in the objections to the facts recited in The Memorandum, the Memorandum states that Villarreal was arrested in February 2014 on an indictment out of the Western District of Texas and is in custody in San Antonio.  There is no mention of Mr. Torres in the Western District indictment nor in facts contained in that indictment in the Western District. It is unrelated to Mr. Torres.  The Memorandum fails, however, to state that the separate forfeiture action filed in the Corpus Christi Division of the Southern District of Texas against Mr. Villarreal's assets in Bermuda has been stayed pending resolution of the criminal matter related to Mr. Villarreal. (Grant of Motion to Stay in ***United States v. All Funds on Deposit at Sun Secured Advantage Account Number 26-2673-031320 Held at The Bank of N.T. Butterfield and Son Limited in Bermuda, Cause No. 2:13-cv-00033; in the Southern District***

*of Texas, Corpus Christi Division.)* [D.E. 28]. This is a significant fact that should be included in the Memorandum and should be taken into account in the analysis of the Motion to Stay.

14.     If the motion to grant a stay of the forfeiture proceedings with regard to Mr. Villarreal has been granted in the Corpus Christi Division, and the only allegations filed as to Mr. Torres are related to those allegations filed against he and Mr. Villarreal in the Corpus Christi Division of the Southern District, then to avoid inconsistent rulings from federal courts in the Southern District and to avoid conflicting forfeiture findings and rulings, and to provide the constitutional protections guaranteed by Fifth Amendment and the forfeiture laws, then the Court should grant the stay of the forfeiture proceedings as to all Claimants in these civil forfeiture proceedings.

15.     Once the Claimant has filed his sworn claim, the burden of proof is on the government to establish, by a preponderance of the evidence, that the property is subject to forfeiture.*18 U.S.C. sec. 983©(1); also see, United States v. $92,2903.00 in U.S. currency, 537 F.3d 504, 508-09 (5th Cir. 2008).* As Judge Posner stated:  *"The government can move to strike a claim to property on the ground that the claimant has no interest in it, but it cannot just say to him: prove it's your property."*  **U.S. v Funds in the Amount of $574,840.00, No. 12-3568, Decided June 11. 2013.**  While the government is allowed to continue to investigate its case after a forfeiture action is filed, the government cannot use the forfeiture proceedings to obtain discovery in dereliction of the rights of the Claimant.  Claimant requests that the Court stay this proceeding until resolution of the criminal matters pending against him in the Southern District.

### III.  CONCLUSION

16.     The Claimants object to the factual mischaracterization of the source(s) from which he derived the money located in the Bermuda accounts.  Claimant objects to the inclusion of facts regarding Mr. Villarreal's unrelated matters which are immaterial to the court's determination in this matter; and, further, objects to the failure to include facts regarding Mr. Villarreal which are material in this forfeiture, that is, the grant of stay in Mr. Villarreal's forfeiture action.

17.     Claimants urge the court, first, to grant their Motion to Dismiss this forfeiture action pursuant to FRCP 12(b)(6). If the court does not grant that motion, then, to grant Claimants' Motion to Stay the forfeiture proceeding until there is a resolution of the criminal matter pending in the Corpus Christi Division.  The Claimant meets each of the criteria for a stay recited under the precise terms of  **18 U.S.C. 981(g)(2).**  Also, in the interest of consistency,  the Court should grant the stay, because the forfeiture proceeding pending in the Corpus Christi Division as to Claimant's co-defendant, Villarreal, has been stayed.

Respectfully submitted,

_/s/ J. A. Canales_____
J. A. Canales
State Bar No. 03737000
Federal I.D. No. 1164
**CANALES & SIMONSON, P.C.**
Attorneys at Law
2601 Morgan Ave.-P.O. Box 5624
Corpus Christi, Texas 784465-5624
Telephone:  (361) 883-0601
Facsimile:  (361) 884-7023
Email: tonycanales@canalessimonson.com

**ATTORNEY FOR CLAIMANTS**

7

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been filed pursuant to the electronic filing requirements of the United States District Court for the Southern District of Texas on this the 14th day of March 2014, which provides for service on counsel of record in accordance with the electronic filing protocols in place.

/s/ J. A. Canales
J. A. Canales