UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:13-CV-294 |
| § | |
| ALL FUNDS ON DEPOSIT AT OLD § | |
| MUTUAL OF BERMUDA LTD. § | |
| CONTRACT NUMBER CX4011696 IN § | |
| BERMUDA § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S
MEMORANDUM AND RECOMMENDATION**

Pending before the Court is the Government's Motion for Finding of Fugitive Disentitlement as to Jorge Juan Torres Lopez ("Torres") (D.E. 19), to which Torres and his wife, Maria Llaguno Torres (collectively "Claimants"), have responded (D.E. 22). In their response, Claimants also moved to stay the civil forfeiture proceedings until the underlying criminal matter is resolved.

On March 6, 2014, Magistrate Judge B. Janice Ellington issued her Memorandum and Recommendation (M&R) (D.E. 24) recommending that both the Government's motion for finding of fugitive disentitlement and Claimants' motion to stay be denied without prejudice.

Claimants filed their timely objections to the M&R on March 14, 2014 (D.E. 26).

**I.  Legal Standard**

A district court that refers a case to a magistrate judge must review de novo any portions of the magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. FED. R. CIV. P. 72(b).

1 / 4

The district court may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations. *Id.* With respect to non-dispositive matters, the district court must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. FED. R. CIV. P. 72(a).

## II. The Government's Motion for Finding of Fugitive Disentitlement

Claimants raise a number of objections to the M&R, despite the fact that they were successful in defending against the Government's motion for finding of fugitive disentitlement as to Claimant Torres.

First, Claimants object to the M&R's "factual findings" that Torres asked a banker from JP Chase Morgan if wire transfers could be deleted from the system and that Torres told the bankers several different stories regarding the source of his income and the funds that were being deposited into the accounts. The introductory sentence to the paragraph containing these statements begins with the words: "The Government alleges that . . . ." It is clear that the statements about which Claimants complain were not "factual findings" at all, but were merely intended to restate the Government's allegations against Torres for background purposes.

Claimants also object to the M&R's "reference to Mr. Villarreal's matters pending in the Western District as having some nexus between those matters and those issues before this Court with regard to Mr. Torres." D.E. 26, p.3. The M&R draws no connection between this case and the indictment of Javier Villarreal Hernandez ("Villarreal") in the Western District of Texas, but only provides this information as

background, as Villarreal—Torres' codefendant in Case No. 2:13-cr-1075—is currently in custody, while Torres is not.

Finally, Claimants object to the lack of factual basis to support the Government's prosecution of this matter. This objection is not responsive or relevant to the Government's motion for finding of fugitive disentitlement.

Claimants' objections to the M&R's recommendations regarding the Government's motion for finding of fugitive disentitlement are therefore **OVERRULED**.

## III. Claimants' Motion to Stay

Claimants further object to the M&R's failure to state that the separate forfeiture action filed in the Southern District of Texas against Villareal's Bermuda bank account in Case No. 2:13-cv-33 has been stayed pending resolution of the underlying criminal matter against Villareal. According to Claimants, in order to avoid conflicting forfeiture findings and rulings, the Court should also stay the above-captioned forfeiture proceedings. Claimants further argue that staying these proceedings is the proper course to take "if the government needs more time to acquire information before proceeding with its prosecution of the criminal case." D.E. 22, p. 6.

The Court first notes that the forfeiture proceedings against Villarreal were stayed upon a joint motion of the Government and Villarreal. Case No. 2:13-cv-33, D.E. 27, 28. Here, the Government has not joined Claimants' motion to stay or otherwise indicated that it "needs more time to acquire information" in the criminal case. Moreover, although Villarreal and Torres are codefendants in Case No. 2:13-cr-1075, the forfeiture proceedings against each defendant involve two separate bank accounts at two different

financial institutions. Claimants fail to explain how the Court's ruling in the above-captioned case could conflict with any findings in Case No. 2:13-cv-33, such that both judgments could not be enforced. Accordingly, this objection is **OVERRULED**.

Finally, the Court finds that Claimants fail to set forth any specific facts showing that they are entitled to stay the case under 18 U.S.C. **§** 981(g)(2) beyond merely reciting the elements of the statute.[1]

## IV. Conclusion

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Claimants' objections and all other relevant documents in the record, the Court **OVERRULES** Claimants' objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, the Government's Motion for Finding of Fugitive Disentitlement as to Torres (D.E. 19) is **DENIED** without prejudice. Claimants' Motion to Stay (D.E. 22) is also **DENIED** without prejudice.

It is so **ORDERED**.

ORDERED this 1st day of May, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

[1]. Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that: (A) the claimant is the subject of a related criminal investigation or case; (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case. 18 U.S.C. **§** 981(g)(2).