UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:13-CV-294 |
| § | |
| ALL FUNDS ON DEPOSIT AT OLD § | |
| MUTUAL OF BERMUDA LTD. § | |
| CONTRACT NUMBER CX4011696 IN § | |
| BERMUDA § | |

## OPINION AND ORDER DENYING MOTION FOR LEAVE TO TAKE DEPOSITION BY REMOTE ELECTRONIC MEANS

Pending are Claimants Jorge Juan Torres Lopez and Maria Carlota Llaguno de Torres's motions for leave to take depositions by remote electronic means to which Plaintiff, the United States of America, (the Government) responded (D.E. 33-35). For the reasons set forth below, the motions are denied.

## BACKGROUND

The Government filed a verified complaint for civil forfeiture in rem against all funds on deposit at Old Mutual of Bermuda, Ltd., Contract Number CX4011696 (the "Defendant Property"). Claimants assert that they own the Defendant Property and argue that the Government is without authority to take it.

Plaintiff has served both Claimants with notice to take their depositions on Thursday, May 15, 2014 at the United States Attorney's Office in Corpus Christi (D.E. 33-1 and 34-1). Both Claimants are citizens and residents of Saltillo, Mexico. Mr. Torres is under indictment in the Southern District of Texas, Corpus Christi division, in Cause No. 13-CR-1075, for alleged violations related to the facts underlying forfeiture

complaint. He has not made an appearance in the criminal action. He asserts that the Government will not agree to a bond if he appears in the United States.

Mr. Torres asserts that he can and is willing to give a deposition under oath without invoking his Fifth Amendment right against self-incrimination and that he is attempting to obtain documents to show that the funds did not come from an illicit source. However, because he is facing arrest with no guarantee that he will be able to post bond, he asks that the deposition be conducted via video conference from Mexico, pursuant to Fed. R. Civ. P. 30(b)(4), so that he does not have to travel to the United States.

In addition, Mr. Torres asserts that all the relevant documents will be in Mexico and that if the parties determine that additional documents are needed, it will be easier to obtain them if all the parties are in Mexico. Mr. Torres also asserts that it will be less expensive to have the depositions conducted in Mexico.

Mrs. Torres, who is not under indictment for any crime, had her Visa seized when she tried to enter the United States on November 21, 2013. However, the Government asserts that it is working with the Department of Homeland Security to allow Mrs. Torres to enter the United States for purposes of this litigation (D.E. 35 at 10). The Government further alleges that it has sought the date and place of entry for Mrs. Torres from her counsel to facilitate entry into the United States but has received no response from counsel. Mrs. Torres argues that allowing her deposition to be taken by video conference will make presentation of documents easier and will cost less than having to travel to Corpus Christi.

## **APPLICABLE LAW**

Federal Rule of Civil Procedure 30(b)(4) provides that parties may stipulate, or a court may order, that a deposition be taken by telephone or other remote means. The party seeking to take depositions by video conference must establish a legitimate reason for its motion. *Brown v. Carr*, 253 F.R.D. 410, 412 (S.D. Tex. 2008). A party opposing such a deposition must establish good cause as to why it should not be conducted in such a manner. *Id.*

Claimant Torres argues that he will be arrested and held without bond if he crosses into the United States for the deposition. Courts have rejected this argument in similar circumstances. *Collazos v. United States*, 368 F.3d 190, 194-195 (2nd Cir. 2004); *United States v. One Parcel of Real Estate at 7707 S.W. 74th Lane, Miami,* 868 F.2d 1214, 1216 (11th Cir 1989); *United States v. All Monies, Negotiable Instruments and Funds in Account Number ALE 238254 F.Z.*, No. 4:93CV336, 1996 WL 807890 (E.D. Tex. 1996)(if a fugitive desires to protect interest in forfeiture proceeding he can return to United States and give up fugitive status). Petitioner's fear of arrest is not a legitimate reason for holding a remote deposition.

Claimants also argue that documents will be easier to obtain if the parties are in Mexico. The depositions were noticed on April 4, 2014 and the parties have had six weeks to obtain the necessary documents. There is no reason to believe that if they have been unable to obtain the documents in that time frame that they will be able to obtain them during the deposition. If additional documents are identified as being necessary

during the deposition, Claimants' counsel can provide them to the Government after the deposition.

Claimants further argue that it will be less expensive to hold the depositions by video conference, but provide no evidence to support this assertion. While they will not incur travel costs, the costs for an interpreter, stenographer and videographer would presumably be the same. Travel costs generally are not considered an undue burden or expense. *United States v. Real Property Located at Layton, Utah 84040*, 269 F.R.D. 658, 660 (D. Utah 2010).

In addition, Plaintiff argues that deposition by remote video conference raises the possibility of creating a murky record, potential technical difficulties, obstruction, further delay and more discovery disputes. Claimants have provided no assurance that they have access to video conference equipment or that they can provide a well-qualified interpreter. Nor have Claimants addressed the issue of the Court's ability to resolve disputes should they arise during the deposition.

Claimants also assert, without reference to authority, that the Government selected the venue in which to bring this action and is obligated to accommodate the litigants. However, courts have held that the opposite is true. *See United States v. Approximately $57,378 in U.S. Currency*, No. C08-5023 MMC (BZ), 2010 WL 4347889 (N.D. Cal. 2010)(Georgia resident who gave her son money to purchase restaurant equipment in California intended to conduct business there and it was reasonable for her to be deposed there); *Real Property Located at Layton, Utah*, 269 F.R.D. at 660 (it is reasonably foreseeable that person conducting business in district would need to return to district to

4 / 5

participate in forfeiture in rem action) and *United States v. $160,066.98 From Bank of America*, 202 F.R.D. 624, 627 (S.D. Cal. 2001)(claimants selected venue for business transaction giving rise to forfeiture action and their return to the district for deposition, on balance, is more reasonable, safer, less costly and more efficient than conducting depositions in Pakistan).

## **CONCLUSION**

For the reasons set out above, Claimants' motions to hold depositions by video conference (D.E. 33, 34) are DENIED.

ORDERED this 13th day of May, 2014.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE