UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:13-CV-294 |
| § | |
| ALL FUNDS ON DEPOSIT AT OLD § | |
| MUTUAL OF BERMUDA LTD. § | |
| CONTRACT NUMBER CX4011696 IN § | |
| BERMUDA § | |

## MEMORANDUM AND RECOMMENDATION

Pending are Claimant Jorge Juan Torres Lopez's motion to stay proceedings pursuant to 18 U.S.C. § 981(g)(2) and both Claimants' motion for protective order pursuant to Rule 26 of the Federal Rules of Civil Procedure. Also pending is Plaintiff's motion for fugitive disentitlement pursuant to 28 U.S.C. § 2466 (D.E. 36, 38, 41, 48).[1] As discussed more fully below, it is respectfully recommended that Claimants' motions be denied and Plaintiff's motion be granted.

## JURISDICTION AND VENUE

This court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. Venue is proper in this court because the acts or omissions giving rise to this forfeiture action occurred in the Southern District of Texas.

---

[1] For court docketing purposes, Plaintiff's reurging of its motion for fugitive disentitlement, contained in its response to Claimant's motion to stay, was assigned Docket Entry number 48.

## **BACKGROUND**

Plaintiff (or "the Government") filed a verified complaint for civil forfeiture *in rem* against all funds on deposit at Old Mutual of Bermuda, Ltd., Contract Number CX4011696 (the "Defendant Property"). As of September 16, 2013, the Defendant Property consisted of $2,762,066 on deposit at the bank in Bermuda HM (D.E. 1).

The Government alleges that in 2008 Claimant Jorge Juan Torres Lopez (Torres) and another man, Hector Javier Villarreal Hernandez (Villarreal), both high-level government employees in Mexico, opened accounts in the United States at J.P. Morgan Chase Bank in Brownsville, Texas. Torres and Villarreal opened the accounts after first meeting with bankers from J.P. Morgan Chase in Mexico to discuss establishing multiple offshore annuity accounts in Bermuda. One of those accounts is the Defendant Property. During the meeting, Torres asked one of the bankers if wire transfers could be deleted from the system so that no transfer would be seen going from Mexico to Bermuda through the United States. Torres also told the bankers several different stories regarding the source of his income and the funds that were to be placed in the accounts.

The Government alleges that the defendant property was involved in a money laundering transaction or attempted money laundering transaction, or was derived from unlawful activity, an unlicensed money transmitting business, bribery of a public official, misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official, or from a racketeer influenced and corrupt organization or bank fraud, or from a conspiracy to commit one or more of the above offenses. *See* 18 U.S.C. §§ 1956, 1957, 1960, 1961 and 1344.

On October 22, 2013 Torres and his wife, Maria Carlota Llaguno de Torres (Mrs. Llaguno),[2] filed claims for the seized property pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture (D.E. 4-1).  Torres and his wife assert that the defendant property belongs to them.

Torres and Villarreal were indicted in the Southern District of Texas on November 20, 2013 and charged with multiple counts of money laundering and bank fraud.  Included in the indictment is a notice of criminal forfeiture of, among other property, the Defendant Property described above.  *United States v. Villarreal*, No. 2:13-CR-1075 (S.D. Tex., filed November 20, 2013).

Villarreal was arrested in February 2014 on an indictment out of the Western District of Texas and is in custody in the San Antonio Division of the Western District of Texas.  Torres has not been arrested and is reported to be in Mexico (Declaration of Alfredo Lujan, D.E. 19-1).

Plaintiff previously filed a motion for disentitlement and Claimants previously filed a motion for stay, both of which were denied without prejudice (D.E. 24, 40).  The parties reurge both motions.

---

[2] In some pleadings Claimant Torres's wife is identified as "Mrs. Torres."  Because Claimants identify her as "Mrs. Llaguno," she will be referred to as Mrs. Llaguno in this Memorandum and Recommendation.

## **APPLICABLE LAW**

### **A. Fugitive Disentitlement Act**

Authority for a court to disallow a person from using the resources of the federal courts to pursue a civil forfeiture claim related to a criminal proceeding is found at 28 U.S.C. § 2466:

> (a) A judicial officer may disallow a person from using the resources of the courts of the United States in furtherance of a claim in any related civil forfeiture action or a claim in third party proceedings in any related criminal forfeiture action upon a finding that such person—
>
> (1) after notice or knowledge of the fact that a warrant or process has been issued for apprehension, in order to avoid criminal prosecution—
>
> > (A) purposely leaves the jurisdiction of the United States;
> >
> > (B) declines to enter or reenter the United States to submit to its jurisdiction;
> >
> > (C) otherwise evades the jurisdiction of the court in which a criminal case is pending against the person; and
>
> (b) is not confined or held in custody in any other jurisdiction for commission of criminal conduct in that jurisdiction.

The statute identifies the following prerequisites to disentitlement: (1) a warrant or similar process must have been issued in a criminal case for the claimant's apprehension; (2) the claimant must have had knowledge or notice of the warrant; (3) the criminal case must be related to the forfeiture action; (4) the claimant must not be confined or otherwise held in custody in another jurisdiction; and (5) the claimant must have deliberately avoided prosecution by (A) purposefully leaving the United States, (B) declining to enter or reenter the United States, or (C) otherwise evading the jurisdiction

of a court in the United States in which a criminal case is pending against the claimant. *Collazos v. United States*, 368 F.3d 190, 198 (2nd Cir. 1004). Even when the requirements are satisfied, the statute does not mandate disentitlement. Rather, the decision whether to order disentitlement remains in the discretion of the trial court. *Id.*

The Court previously determined that a warrant had been issued for Torres's arrest, he was not confined or being held in custody in another jurisdiction, he had notice of the warrant, and the seized property is related to the facts alleged in the criminal indictment (D.E. 24, 40). The Court further determined that the Government had not met its burden of showing that Torres was deliberately avoiding prosecution by remaining in Mexico.

The Government attached to its renewed motion an affidavit from Luis Reyna, an Internal Revenue Service special agent assigned to the related criminal matter. Reyna stated that based on immigration records, both Torres and his wife routinely traveled from Mexico to the United States prior to the filing of this civil forfeiture action and the criminal indictment. In 2012, Torres traveled from Mexico into the United States nine times and in 2013 he traveled to the United States five times, last crossing the border on July 12, 2013. In addition, Reyna stated that Torres and his wife own a residence located in the Southern District of Texas and multiple lots of land in Texas (Aff. of Luis Reyna, D.E. 38-1).

Claimants did not contest the factual allegations in the affidavit. Therefore, the Government has shown that prior to being indicted, Torres routinely traveled to the United States and has not entered the United States since being indicted. Such evidence

has been accepted as sufficient to show that a claimant is deliberately staying out of the United States to avoid prosecution. *United States v. $671,160.00 in United States Currency*, 730 F.3d 1051, 1057 (9th Cir. 2013). Accordingly, the Government has met its burden of showing that Torres is purposefully staying out of the United States and it is recommended that a finding be made that he is subject to application of the fugitive disentitlement act.

### B. Motion to Stay

Regarding Claimant Torres's motion to stay proceedings, because it is recommended that the Fugitive Disentitlement Act be applied in his case, it is also recommended that the motion to stay be denied.

The civil forfeiture statute provides the following with regard to a claimant's motion to stay:

> Upon motion of the claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that –
>
> > (A) the claimant is the subject of a related criminal investigation or case;
> >
> > (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and
> >
> > (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

18 U.S.C. § 981(g)(2). A court may also issue a protective order limiting discovery to protect one party as long as it does not unfairly limit the ability of the opposing party to pursue the case. 18 U.S.C. § 981(g)(3).

If Claimant Torres were not a fugitive, he would likely prevail on his motion to stay because he can meet all three of the criteria for a stay.  However, the Fugitive Disentitlement Act enforces the common law notion that it is improper to "[permit] a fugitive to pursue a [civil] claim in federal court where he might accrue a benefit while at the same time avoiding [a criminal] action of the same court that might sanction him." *Collazos*, 368 F.3d at 197(collecting cases).  *See also United States of America v. One Parcel of Real Estate at 7707 S.W. 74th Lane, Miami, Dade County, Florida*, 868 F.2d 1214, 1217 (11th Cir. 1989)(fugitive from justice has waived right to due process in civil forfeiture hearing).  This is precisely what Claimant Torres is attempting to do—invoke the jurisdiction of the court in the civil matter while evading prosecution on the pending indictment.

Courts looking at similar factual scenarios have concluded that fugitive claimants were not entitled to a stay or protective order but were required to submit to discovery. In *United States v. All Monies, Negotiable Instruments and Funds in Account Number ALE 238254 F.Z.,* No. 4:93CV336, 1996 WL 807890 (E.D. Tex. 1996), a claimant who was under indictment for money laundering and resided in Colombia refused to comply with the court's order directing her to submit to oral deposition for fear she would be arrested.  *Id.*, 1996 WL 807890 at *1.  The court held that as a fugitive from justice, she could not invoke the court's powers to protect her interests in the civil proceeding and if she had desired to protect her interests she could have returned to the United States and given up her fugitive status.  *Id.* at *2.  Also, in *United States v. Vehicle 1995 Great Dane*, No. 98-4085-BC, 2010 WL 1417841 (E.D. Mich. 2010), the court initially issued a

stay in a forfeiture action pending resolution of a related criminal matter. The claimant absconded and the court granted a motion to lift the stay, finding that the government had met its burden under the Fugitive Disentitlement Act and that the claimant failed to respond to the motion or to participate in the proceedings. *Id.* at *2. *See also United States v. $2,067,437.08 in United States Currency*, No. 6:07-cv-319, 2008 WL 238514 (E.D. Tex. 2008)(court granted stay after corporate claimant agreed to accept service of process and appear in criminal case). If Mr. Torres wishes to pursue a stay in this matter, he can travel to the United States and give up his fugitive status.

### C. Protective Order

In addition to the stay, both claimants seek a protective order pursuant to Fed. R. Civ. P. 26(c). As discussed above, as long as Torres is a fugitive, he cannot invoke the power of the Court to secure him the relief he seeks.

Regarding Mrs. Llaguno's motion for a protective order, claimants in a forfeiture *in rem* proceeding are considered parties to the action. *United States v. $160,066.98*, 202 F.R.D. 624, 626 (S.D. Cal. 2001)(citations omitted). A notice for the taking of a deposition sent to all parties is all that is necessary to require attendance of parties at their depositions. *Bourne Inc. v. Romero*, 23 F.R.D. 292, 295 (E.D. La. 1959). A party may unilaterally choose the place for deposing an opposing party, subject to the granting of a protective order by the court, and the court may, for good cause, issue an order protecting a party or person from annoyance, embarrassment, oppression or undue burden or expense. Fed. R. Civ. P. 26(c)(1). A party may seek a protective order requiring

depositions be taken at a location convenient to the deponent. *Farquhar v. Shelden*, 116 F.R.D. 70, 71 (E.D. Mich. 1987).

In order to be granted a protective order, Mrs. Llaguno would have to show that attending the depositions in Corpus Christi would cause her annoyance, embarrassment, oppression, undue burden or expense. Mrs. Llaguno failed to present any evidence to support her motion for a protective order and thus failed to make such a showing.

Mrs. Llaguno reportedly owns real property in Texas and has hired an attorney who is licensed and practices in Texas. Accordingly, she appears to be accustomed to doing business in the Southern District of Texas. *See United States v. Approximately $57,378 in United States Currency*, No. C08-5023 MMC (BZ), 2010 WL 4347889 at *2 (N.D. Cal. 2010)(Claimant who lived in Georgia ordered to appear for depositions in California when she had filed third-party ownership claim to money and intended to conduct business in the Northern District of California). In addition, Mrs. Llaguno purposefully submitted to this Court's jurisdiction when she filed her third party ownership claim to the real property at issue here. Parties joining litigation subject themselves to the jurisdiction of the court where the action is filed. *United States of America v. $106,066.98 From Bank of America*, 202 F.R.D. 624, 627 (2001).

Claimants have not shown that they are entitled to a protective order.[3] Accordingly, it is recommended that their motion for protective order be denied.

---

[3] Even if Mr. Torres were not subject to the Fugitive Disentitlement Act, he has not shown that he would be entitled to a protective order for the same reasons that Mrs. Llaguno is not entitled to the order. In addition, to the extent Mr. Torres argues that if he comes to the United States he will be subject to arrest on the indictment, his fear of arrest

## **RECOMMENDATION**

Based on the foregoing, it is respectfully recommended that the Government's Motion for Finding of Fugitive Disentitlement as to Jorge Juan Torres Lopez (D.E. 48) be GRANTED, and that his claim be dismissed.[4] It is further recommended that Claimants' motion for stay and motion for protective order (D.E. 36) be DENIED.

Respectfully submitted this 5th day of June, 2014.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

is not grounds for seeking a protective order. *See Collazos v. United States*, 368 F.3d 190, 194-195 (2nd Cir. 2004); *United States v. One Parcel of Real Estate at 7707 S.W. 74th Lane, Miami,* 868 F.2d 1214, 1216 (11th Cir 1989); *United States v. All Monies, Negotiable Instruments and Funds in Account Number ALE 238254 F.Z.*, No. 4:93CV336, 1996 WL 807890 (E.D. Tex. 1996).

[4] Although Plaintiff did not request this relief in its motion to re-urge, dismissal was requested in the original motion for fugitive disentitlement (D.E. 19).

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS of being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS of being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).