UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-294 |
| | § | |
| ALL FUNDS ON DEPOSIT AT OLD | § | |
| MUTUAL OF BERMUDA LTD. | § | |
| CONTRACT NUMBER CX4011696 IN | § | |
| BERMUDA | § | |

**OPINION AND ORDER DENYING
MOTION FOR MORE DEFINITE STATEMENT**

Pending is a motion for more definite statement filed by Claimants Jorge Juan Torres (Torres) and Maria Carlota Llaguno de Torres on June 5, 2014 (D.E. 49). Plaintiff United States of America filed a response to the motion on June 17, 2014 (D.E. 52).

Federal Rule of Civil Procedure 12(e) provides the following:

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 10 days of the notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Whether to grant a motion for a more definite statement is a matter within the discretion of the trial court. *Travelers Indemnity Company of Connecticut v. Presbyterian Healthcare Resources*, 313 F.Supp.2d 648, 654 (N.D. Tex. 2004)(citing *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959)). When a party moves for a more definite statement, the court determines whether the complaint is so vague that the moving party cannot reasonably be required to frame a responsive

pleading.  *J&J Manufacturing, Inc. v. Logan*, 24 F.Supp.2d 692, 703 (E.D. Tex. 1998)(citing *Sisk v. Texas Parks and Wildlife Dept.*, 644 F.2d 1056, 1059 (5th Cir. 1981).  When a defendant complains of matters that can be clarified and developed during discovery, rather than matters which impede his ability to form a responsive pleading, an order directing the plaintiff to file a more definite statement is not warranted.  *Arista Records LLC v. Greubel,* 453 F.Supp.2d 961, 972 (N.D. Tex. 2006)(citing *Mitchell*, 269 F.2d at 132 (5th Cir. 1959)).

  Under Rule E(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, a complaint is supposed to state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.  Rule G(2)(f) states that a complaint should state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.  However, a complaint need not set forth the alleged illegal activities in specific detail.  *United States v. $220,562 in United States Funds*, No. 5:08-CV-364 (CAR), 2009 WL 789653 (M.D. Georgia, 2009)(citing *United States v. Two Parcels of Real Property Located in Russell County, Ala.*, 92 F.3d 1123, 1127 (11th Cir. 1996)).

  Claimants in this case filed an answer in which they responded to each paragraph of the complaint and asserted defenses (D.E. 31).  Thus, it is clear that the complaint was not so vague or ambiguous that Claimants could not frame a response.  *See Price v. Garcia*, No. 3:10-CV-2202-L, 2011 WL 2413127 at *2 (N.D. Tex. 2011)(fact that

defendant filed an answer is sufficient to defeat motion for more definite statement) and *Murungi v. Texas Guaranteed*, 646 F.Supp.2d 804, 811 (E.D. La. 2009)(motion for more definite statement denied where complaint gave defendants enough information to file their answer and two motions to dismiss). Accordingly, Claimants' motion for a more definite statement is denied.

## CONCLUSION

Based on the foregoing, the Claimants' Motion for More Definite Statement (D.E. 49) is DENIED.

ORDERED this 24th day of June, 2014.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE