UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:13-CV-294 |
| § | |
| ALL FUNDS ON DEPOSIT AT OLD § | |
| MUTUAL OF BERMUDA LTD. § | |
| CONTRACT NUMBER CX4011696 IN § | |
| BERMUDA § | |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court are Claimant Jorge Juan Torres Lopez's motion to stay proceedings pursuant to 18 U.S.C. § 981(g)(2) and both Claimants' motion for protective order pursuant to FED. R. CIV. P. 26. D.E. 36. Also pending is Plaintiff's motion for fugitive disentitlement pursuant to 28 U.S.C. § 2466. D.E. 48. On June 5, 2014, United States Magistrate Judge B. Janice Ellington submitted a Memorandum and Recommendation recommending that Claimants' motions be denied and Plaintiff's motion be granted. D.E. 50. Claimants filed objections on June 19, 2014. D.E. 54. Plaintiff filed a response to Claimants' objections on June 23, 2014. D.E. 56. Claimants' objections are set out and discussed below.

First, Claimants object to the entry of any dispositive judgment on Claimant Torres's claims until after the motion for a more definite statement (D.E. 49) has been ruled on. On June 24, 2014, Magistrate Judge Ellington issued an order denying Claimants' motion for a more definite statement on the grounds that the complaint was not so vague or ambiguous that Claimants could not frame a response given that

Claimants had already filed an answer in which they responded to each paragraph of the complaint and asserted defenses. D.E. 57, p. 2. There was no appeal of this order. To the extent that Claimants reurge that motion through their objections, the motion is **DENIED** for the same reasons relied upon by the Magistrate Judge in her order dated June 24, 2014.

Second, Claimants object to the Magistrate Judge's recommendation on the basis that it "fails to cite any fact or set of facts that show an illegal act committed by Claimants." D.E. 54, p. 2, ¶ 1. Claimants argue that the facts recited by the Magistrate Judge do not establish probable cause to believe that the funds in question are the proceeds of illegal activity. Claimants argue that no single fact relied upon by the Magistrate Judge constitutes an illegal act in and of itself. Claimants therefore reurge their motion to dismiss (D.E. 7) and their motion to stay (D.E. 41). D.E. 54, pp. 2-3, ¶ 2. Claimants also urge the Court to "demand from the government sufficient pleadings to support probable cause." D.E. 54, p. 5, ¶ 11.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). "The complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Rios v. City of Del Rio,*

*Tex.*, 444 F.3d 417, 420-21 (5th Cir. 2006). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. Thus, a motion to dismiss for a failure to state a claim can be granted only if it appears beyond doubt that the plaintiff could prove no set of facts entitling him to relief." *Triad Associates Inc., v. Chicago Housing Authority*, 892 F.2d 583, 586 (7th Cir. 1989) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

Supplemental Admiralty and Maritime Claims Rule G(2) requires, among other things, that a complaint state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. *Supplemental Rule* (G)(2)(f). A complaint can withstand a motion to dismiss if it alleges "facts sufficient to support a reasonable belief that the property [in question] is subject to forfeiture." *U.S. v. $79,650 Seized from Bank of America Account Ending in -8247, in name of Afework*, 2009 WL 331294, at *5 (E.D. Va. Feb. 9, 2009) (citing *United States v. Mondragon*, 313 F.3d 862, 865-55 (4th Cir. 2002)). The pleading requirements of Rule (G)(2) are satisfied if the government pleads enough facts to support a reasonable belief that it will be able to meet its burden of proof at trial; the government is not required to prove its case simply to get into the courthouse door. *U.S. v. $74,500 in U.S. Currency*, 2011 WL 2712604, at *2 (D. Md. July 11, 2011).

The Court finds that Plaintiff's factual allegations are sufficient to withstand a motion to dismiss for failure to state a claim because the allegations in the complaint allow the Court to draw the reasonable inference that Claimants are liable for the misconduct alleged. Even if no one fact in isolation establishes that an illegal act

occurred, the facts in the aggregate form the basis for the reasonable belief that evidence on these material points will be introduced at trial after discovery. Moreover, Plaintiff is not required to prove its entire case at the pleading stage and can maintain its complaint without conclusively establishing, for example, that the funds in the Bermuda account were the fruit of criminal activity. That is a burden reserved for trial; at this stage of the proceedings, the Court is charged with the task of evaluating the sufficiency of the complaint, not with deciding the merits. *See Triad Associates Inc.*, 892 F.2d at 586. For these reasons, Claimants' second objection is **OVERRULED**.

Third, Claimants object to the Magistrate Judge's conclusion that Claimant Llaguno has no fear of coming to the United States to be deposed. The Magistrate Judge found that Claimant Llaguno "failed to present any evidence to support her motion for protective order" which would show that attending a deposition in Corpus Christi would cause her annoyance, embarrassment, oppression, undue burden, or expense. D.E. 50, p. 9. The Magistrate Judge noted that Claimant Llaguno owns real property in Texas, hired an attorney who practices in Texas, and filed her third party ownership claim with the knowledge that this case was being litigated in the Corpus Christi Division. D.E. 50, p. 9. Claimants counter that the Magistrate Judge ignored the fact that Claimant Llaguno's most recent experience with United States government agents "raised within her a fear that the government was asking for her deposition, but was hiding its true intention to hold her indefinitely and without her family." D.E. 54, p. 7, ¶ 17. Specifically,

Claimants allege that Claimant Llaguno was "detained, questioned under oath, denied re-entry and accused of violating immigrations laws, when in fact she had a valid visa and Mexican passport." D.E. 54, p. 7, ¶ 17.

A court may issue a protective order where good cause is shown to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. FED. R. CIV. P. 26(c)(1). Here, Claimant Llaguno has not demonstrated good cause for the issuance of a protective order regarding her deposition. Although Claimant Llaguno's fears may be real, that does not make them reasonable and tantamount to a showing of good cause. Moreover, the numerous considerations cited by the government in its response concerning the Court's supervision of the proceedings, the Court's ability to resolve disputes and impose remedies, and preventing undue delay (D.E. 56, p. 30) outweigh Claimant Llaguno's apprehension resulting from her unpleasant encounter with United States government agents. Claimant Llaguno has not demonstrated that she is entitled to a protective order so the third objection is **OVERRULED** as to her.

Finally, this Court agrees with the Magistrate Judge's conclusion that Claimant Torres is subject to the Fugitive Disentitlement Act and that the applicability of that Act precludes Claimant Torres from prevailing on his motion to stay and motion for protective order (D.E. 36, 41).

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Claimants' objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and

Recommendation to which objections were specifically directed, the Court **OVERRULES** Claimants' objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Claimants motion for stay and motion for protective order (D.E. 36, 41) are **DENIED** and Plaintiff's motion for fugitive disentitlement (D.E. 48) is **GRANTED**.

ORDERED this 18th day of August, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE