UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-294 |
| | § | |
| ALL FUNDS ON DEPOSIT AT OLD | § | |
| MUTUAL OF BERMUDA LTD. | § | |
| CONTRACT NUMBER CX4011696 IN | § | |
| BERMUDA | § | |

## MEMORANDUM AND RECOMMENDATION

Pending are Plaintiff United States of America's motion for sanctions pursuant to Fed. R. Civ. P. 37 (D.E. 75), filed September 5, 2014, and Claimant Maria Carlota Llaguno de Torres's motion to compel the government to respond to her written discovery requests (D.E. 76), filed September 12, 2014.  Claimant Llaguno did not respond to the motion for sanctions, other than to request that the motion be denied (D.E. 76 at 13).  The United States of America (the Government) responded to the motion to compel on September 16, 2014 (D.E. 79).  For the reasons set forth below, it is respectfully recommended that Plaintiff's motion be granted and Llaguno's motion be denied as moot.

## JURISDICTION AND VENUE

This court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.  Venue is proper in this court because the acts or omissions giving rise to this forfeiture action occurred in the Southern District of Texas.

## BACKGROUND

On September 24, 2013 Plaintiff (or "the Government") filed a verified complaint for civil forfeiture in rem against all funds on deposit at Old Mutual of Bermuda, Ltd., Contract Number CX4011696 (the "Defendant Property").  As of September 16, 2013, the Defendant Property consisted of $2,762,066 on deposit at the bank in Bermuda HM (D.E. 1).

The Government alleges that in 2008, Jorge Juan Torres (Torres) and another man, Hector Javier Villarreal Hernandez (Villarreal), both high-level government employees in Mexico, opened accounts in the United States at J.P. Morgan Chase Bank in Brownsville, Texas.  Torres and Villarreal opened the accounts after first meeting with bankers from J.P. Morgan Chase in Mexico to discuss establishing multiple offshore annuity accounts in Bermuda.  One of those Bermuda accounts is the Defendant Property.  During the meeting, Torres asked one of the bankers if wire transfers could be deleted from the system so that no transfer would be seen going from Mexico to Bermuda through the United States.  Torres also told the bankers several different stories regarding the source of his income and the funds that were to be placed in the accounts.  The Government alleges that the Defendant Property was involved in one or more money laundering transactions and related bank fraud.  *See* 18 U.S.C. §§ 1956, 1957, 1960, 1961 and 1344.

On October 22, 2013 Torres and his wife, Claimant Llaguno, filed a claim for the seized property pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture (D.E. 4-1).  Torres and Villarreal were indicted in the Southern District of Texas on November 20, 2013 and charged with multiple counts of

money laundering and bank fraud.  Included in the indictment is a notice of criminal forfeiture of, among other property, the Defendant Property described above.  *United States v. Villarreal*, No. 2:13-CR-1075 (S.D. Tex., filed November 20, 2013).

Villarreal was arrested in February 2014 on an indictment out of the Western District of Texas and is in custody in the San Antonio Division of the Western District of Texas.  Torres has not been arrested and is reported to be in Mexico (Declaration of Alfredo Lujan, D.E. 19-1).  Torres was dismissed as a claimant in this lawsuit on August 18, 2014, pursuant to the fugitive disentitlement doctrine (D.E. 69).

The Government has scheduled and given Llaguno proper notice to appear at depositions four times and Llaguno has never appeared.  On two of the four occasions the depositions were continued by the Court.

The Government moves for sanctions against Llaguno because she has failed to appear at any of the depositions.  The Government asks that Llaguno's claim and answer be struck and that her claim be dismissed.  Llaguno asks that the Government be compelled to respond to written discovery requests and to submit for *in camera* inspection the documents the Government asserts are protected by privilege.

## APPLICABLE LAW

### A.  Motion for Sanctions

A party who refuses to obey a discovery order, including failing to attend its own deposition, is subject to sanctions, which may include the following:

(i)  directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)  striking pleadings in whole or in part;

(iv)  staying further proceedings until the order is obeyed;

(v)  dismissing the action in whole or in part;

(vi)  rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) and 37(d).  Also, instead of, or in addition to, imposing sanctions, the court must order the disobedient party, the attorney advising the party, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(b)(2)(C).

In this case, depositions initially were scheduled for May 15, 2014.  The parties filed motions to dismiss, for fugitive disentitlement, to stay depositions and to take depositions by electronic means, culminating in Claimants[1] appealing a decision of the undersigned to the District Court on May 14, 2014.  The District Court cancelled the depositions set for May 15, 2014 in order to address the appeal (D.E. 44, 45).

The Government noticed Llaguno for a deposition set for July 10, 2014.  On July 8, 2014 Llaguno filed a motion for protective order, asking for more time to secure documents prior to the deposition (D.E. 58).  The undersigned held a telephone conference on July 10, 2014.  Llaguno's counsel stated that Llaguno did not appear at the

---

[1] Torres was still a claimant at that time.

deposition because she was afraid she would be detained if she crossed the border.  In

addition she was still trying to obtain some bank documents (Transcript of telephone

hearing of July 19, 2014 at 3; D.E. 61 at 3).  The undersigned denied the motion for

protective order, but gave Llaguno additional time to secure documents and scheduled the

deposition for August 14, 2014 (Transcript at 12; D.E. 61 at 12).  In addition, Llaguno

was ordered to pay the expenses for the deposition she did not attend.

On August 12, 2014 Llaguno filed a motion for continuance of the August 14

deposition because her father died.  The motion was granted and the deposition was

continued until September 5, 2014 (D.E. 16).  On August 29, 2014 Llaguno filed a

motion to stay discovery and also filed a notice of non-appearance at the scheduled

deposition (D.E. 71).  She stated via counsel that she feared that if she came into the

United States she would be detained by the Government "in an effort to force her

husband to admit he has done something wrong."  The motion was denied on September

3, 2014 (D.E. 73).  On that same day, Llaguno filed a notice to the court that she would

not attend the deposition (D.E. 74).  The Government asks the Court to strike Llaguno's

pleadings and dismiss her claims to the Defendant Property as sanctions for failing to

attend any of the depositions.

The court may impose sanctions at its discretion, as long as two criteria are met:

The party's discovery violation must be willful and the drastic measure is only to be

employed where a lesser sanction would not substantially achieve the desired deterrent

effect.  *United States of America v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir.

2003)(collecting cases).  The court may also consider whether the discovery violation

prejudiced the opposing party's preparation for trial and whether the client was blameless in the violation. *Id.* "[A] Rule 37 dismissal is proper if the refusal to cooperate resulted 'from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct.'" *Pegues v. PGW Auto Glass, L.L.C.*, 451 Fed. Appx. 417, 418 (5th Cir. 2011)(citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994)).

Llaguno has already been sanctioned by having to pay the costs of one of the depositions she failed to attend. Also, after her last motion to stay discovery was denied and she was told to attend the deposition or face possible sanctions, she chose not to attend. Finally, based on her counsel's representations, it does not appear that Llaguno ever intends to come to the United States to attend a deposition. Accordingly, because Claimant Llaguno willfully disregarded the fourth notice of deposition, it is recommended that the Government's motion for sanctions be granted and that Claimant Llaguno's pleadings be struck and her claim dismissed with prejudice.

**B. Claimant's Motion to Compel**

Claimant Llaguno seeks an order compelling the Government to respond to her requests for discovery. She argues that where the Government has objected to the requests based on the law enforcement privilege or prosecutorial privilege, that the Government should be compelled to provide the documents to the Court for *in camera* review. She also complains that the Government has objected to some discovery requests as overly broad and seeking information not reasonably calculated to lead to the production of admissible evidence, but argues that all of the requests relate to the single seizure of the Defendant Property and thus are suitably narrow and subject to a response.

Because it is recommended that the Government's motion for sanctions be granted and Llaguno's claim be dismissed, it is further recommended that Llaguno's motion to compel be denied as moot.  In the event the District Court does not adopt the recommendation that Llaguno's claim be dismissed, the motion to compel will be addressed.

## **RECOMMENDATION**

Based on the foregoing, it is respectfully recommended that the Government's Motion for Sanctions (D.E. 75) be GRANTED and Claimant Llaguno's pleadings be struck and her claim DISMISSED with prejudice.  It is further recommended that Claimant Llaguno's Motion to Compel (D.E. 76) be DENIED as moot.

Respectfully submitted this 29th day of January, 2015.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).