UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:13-CV-294 |
| § | |
| ALL FUNDS ON DEPOSIT AT OLD § | |
| MUTUAL OF BERMUDA LTD. § | |
| CONTRACT NUMBER CX4011696 IN § | |
| BERMUDA § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court are Plaintiff United States of America's (the Government) motion for sanctions pursuant to Federal Rule of Civil Procedure 37 (D.E. 75) and Claimant Maria Llaguno de Torres's (Claimant) motion to compel the Government to respond to her written discovery requests (D.E. 76). On January 29, 2015, United States Magistrate Judge B. Janice Ellington submitted her Memorandum and Recommendation (M&R) (D.E. 80), recommending that the Government's motion be granted and Claimant's motion be denied as moot. This Court received Claimant's timely-filed objections (D.E. 81) on February 12, 2015. Claimant's objections are set out and discussed below.

First, Claimant objects to the Magistrate Judge's recommendation because "the government has not pled a fact nor produced a single document showing that the money in the seized account is the proceeds of any specific illegal activity." D.E. 81, p. 3. Claimant argues that the facts alleged by the Government do not give rise to probable cause. *Id.* at 7. Claimant has raised this argument throughout this case without success.

Claimant's attempt to reurge her Motion to Dismiss pursuant to Rule 12(b)(6) and the Motion to Stay is not proper at this juncture.  The Court will address the matters that were before the Magistrate Judge and which were addressed in the M&R—the Government's motion for sanctions and the Claimant's motion to compel.  Claimant's first objection is overruled.

Second, Claimant objects to the recommendation, asserting that the Magistrate Judge's dismissal sanction was improper under the circumstances.  Federal Rule of Civil Procedure 37(b)(2)(A) authorizes the striking of pleadings and dismissing of actions when a party fails to obey a discovery order.  *United States v. $49,000 Currency*, 339 F.3d 371, 376 (5th Cir. 2003).  A district court's discretion under Rule 37 is broad.  *Bluitt v. Arco Chem.*, 777 F.2d 188, 191 (5th Cir. 1985).  However, "dismissal is a severe sanction that implicates due process."  *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994).

Several factors must be present before a court may dismiss a case with prejudice as a sanction for violating a discovery order: "(1) the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation of the discovery order must be attributable to the client instead of the attorney; (3) the violating party's misconduct must substantially prejudice the opposing party; and (4) a less drastic sanction would not substantially achieve the desired deterrent effect."  *Moore v. CITCO Ref. & Chem. Co., L.P.*, 735 F.3d 309, 316 (5th Cir. 2013) (citations omitted).

Claimant who resides in Saltillo, Mexico, has continuously refused to appear for her deposition scheduled at the United States Attorney's Office in Corpus Christi, Texas, because she believes that the Government will detain her in an effort to persuade her to provide information against her husband. D.E. 81, p. 6. Claimant argues that her "very reasonable fears" are based on her previous experience with Border Patrol agents, who detained her and her two daughters at the McAllen airport on November 21, 2013, questioned her without benefit of counsel, forced her to sign a statement, and confiscated their Visas. *Id.* at 13; D.E. 34, p. 2.

Claimant argues that her continued failure to appear for her deposition is "fearful noncompliance" rather than willful defiance. *Id.* at 13. These allegations were considered by the Magistrate Judge and rejected. *See* D.E. 34; D.E. 43. In the order denying Claimant's motion to stay discovery, the Magistrate Judge stated that Claimant is not charged in a criminal proceeding and the Government offered her assistance in traveling to the United States to give her deposition. D.E. 73. This Court finds no error in the Magistrate Judge's conclusion that Claimant's actions were willful.

Claimant also argues that the dismissal sanction is improper because it was imposed without giving her notice of the particular sanction. D.E. 81, p. 10 (citing *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253 (2d Cir. 1999)). Claimant's argument was foreclosed by the Fifth Circuit in *Moore*. 735 F.3d at 316 (rejecting plaintiffs' argument that their dismissal sanction was improper for lack of notice because "[t]hey cite no

authority for that proposition, and notice is not among the *Conner* factors governing dismissal").[1]

Nevertheless, the Court finds that Claimant was given fair notice that her failure to comply with discovery would result in sanctions. D.E. 61, p. 7 ("[I]f [Claimant] doesn't appear, then the Government can seek whatever sanctions are necessary."); D.E. 73 ("Claimant must attend the scheduled deposition or face possible sanctions for her failure to comply."). The Court also finds that Claimant's violation of the discovery order was attributable to her and not her counsel, Claimant's misconduct has substantially prejudiced the Government, and a less drastic sanction would not substantially achieve the desired deterrent effect. *See* D.E. 61 (sanctioning Claimant by having her pay the costs of one of the depositions she failed to attend). For these reasons, Claimant's second objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R (D.E. 80), as well as Claimant's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's M&R to which objections were specifically directed, this Court **OVERRULES** Claimant's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, the Government's motion for sanctions (D.E. 75) is **GRANTED**, Claimant's pleadings are struck and her claim (D.E.

---

[1] *See also Reilly*, 181 F.3d at 270 ("[I]n the Rule 37 context, we have declined to impose rigid requirements on either the timing or the form of the notice afforded to a sanctioned party."); *cf. $49,000 Currency*, 330 F.3d at 379 (rejecting the view that a court is "required to attempt to coax [parties] into compliance with its order by imposing incrementally increasing sanctions").

4) is **DISMISSED** with prejudice, and Claimant's motion to compel (D.E. 76) is **DENIED** as moot.

ORDERED this 24th day of June, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE