UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
|    Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 13-CV-00294-C |
| | § | |
| | § | |
| ALL FUNDS ON DEPOSIT | § | |
| AT OLD MUTUAL OF BERMUDA, LTD. | § | |
| CONTRACT NUMBER CX4011696 | § | |
| IN BERMUDA | § | |
|    Defendant, | § | |

PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND
FINAL JUDGMENT OF FORFEITURE BY DEFAULT

The United States of America ("Plaintiff") moves pursuant to Rule 55 of the Federal Rules of Civil Procedure for entry of default and final judgment of forfeiture by default against All Funds on Deposit at Old Mutual of Bermuda, Ltd. Contract Number X4011696 in Bermuda ("Defendant Property") and represents:

1. Plaintiff filed its Verified Complaint for Forfeiture in Rem ("Complaint") against Defendant Property on September 24, 2013. (D.E. 1). The Complaint alleges the forfeiture of Defendant Property pursuant to: (a) 18 U.S.C. § 981(a)(1), which provides for the forfeiture of personal property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956, 1957 or 1960 or any property traceable to such property; (b) 18 U.S.C. § 981(a)(1)(c) which provides for the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1956(c)(7)(B)(iv) and 18 U.S.C. § 1961(1), including property that is derived from bribery of a public official, or the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official; and (c) 18 U.S.C. §

1

981(a)(1)(c) which provides for the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1344 or a conspiracy to commit such offense.

2. Rule G(4)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") requires Plaintiff to notify potential claimants of the action by publication notice. Beginning on September 26, 2013, Plaintiff published notice of the action on the official internet government forfeiture site in accordance with Rule G(4)(a)(iv)(C). (D.E. 5). The publication notice deadline by which any person claiming an interest in the Defendant Property must file a claim expired on November 25, 2013.

3. Rule G(4)(b) of the Supplemental Rules also requires Plaintiff to send notice of the action to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of time for filing a claim under Rule G(5)(a)(ii)(B). On October 22, 2013, Claimants Maria Carlota Llaguno de Torres and Jorge Juan Torres Lopez filed a claim regarding Defendant Property. (D.E. 4). Maria Carlota Llaguno de Torres was also served in person on November 21, 2013. (D.E. 11). Maria Carlota Llaguno de Torres and Jorge Juan Torres Lopez are the only potential claimants of Defendant Property. The deadline for filing a claim and answer contesting the forfeiture under Rule G(5) has expired.

4. Maria Carlota Llaguno de Torres and Jorge Juan Torres Lopez filed a claim and answer contesting the forfeiture of Defendant Property. (D. E. 4 & 31). No other person or entity filed a claim or answer contesting the forfeiture of Defendant Property.

5. On June 5, 2014, the magistrate court recommended to the district court that Plaintiff's motion for fugitive disentitlement be granted relating to Claimant Jorge Juan Torres Lopez and that his claim be dismissed. (D.E. 50). On August 18, 2014, the District Court

adopted the magistrate court's findings and granted Plaintiff's motion pursuant to the fugitive disentitlement doctrine, Title 28 U.S.C. §2466, striking the pleadings of Claimant Jorge Juan Torres Lopez. (D.E. 69).

6. On January 29, 2015, the magistrate court recommended to the district court that Claimant Maria Carlota Llaguno de Torres' pleadings be struck and her claim be dismissed with prejudice as a sanction for failure to comply with the court's discovery orders pursuant to Federal Rule of Civil Procedure 37. (D.E. 80). On June 24, 2015, the District Court adopted the findings and recommendations of the magistrate court and struck Claimant Maria Carlota Llaguno de Torres' pleadings with prejudice. (D.E. 82).

7. There is no claim or answer on file contesting the forfeiture of Defendant Property, and the time for filing a claim and answer has expired.

WHEREFORE, Plaintiff requests entry of default and final judgment of forfeiture against Defendant Property.

    Respectfully submitted,

    KENNETH MAGIDSON
    United States Attorney

By:   s/ Julie K. Hampton
    JULIE K. HAMPTON
    Assistant United States Attorney
    Admissions I.D. Number: 431286
    State Bar I.D. Number: 24032269
    800 North Shoreline, Suite 500
    Corpus Christi, Texas 78401
    Tel: 361-888-3111

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was forwarded to counsel for Maria Carlota Llaguno de Torres and Jorge Juan Torres Lopez as indicated below by certified mail, email, and/or facsimile, return receipt, on June 30, 2015.

J.A. Tony Canales & Jo Ellen Hewins
Canales & Simonson, P.C.
Attorney for Claimant
2601 Morgan Ave.
P.O. Box 5624
Corpus Christi, TX 78465-5624

s/ Julie K. Hampton
JULIE K. HAMPTON
Assistant United States Attorney